IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31964-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALBERTO CARDENAS-PADILLA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — A jury found Alberto Cardenas-Padilla guilty on two of three counts of violating a no-contact order. Cardenas-Padilla attempted to contact his former wife, the beneficiary of the protective order, through her mother. On appeal, Cardenas-Padilla challenges the trial court's discretionary imposition of $200 in court costs. We affirm Cardenas-Padilla's convictions and the imposition of $200 in court costs.

## FACTS

On December 27, 2012, Alberto Cardenas-Padilla wrote a letter to his former mother-in-law, requesting that she ask his ex-wife to delete a Facebook profile created for him and the former wife's 18-month-old daughter. On February 4 and 5, 2013, Cardenas-Padilla texted his ex-mother-in-law 25 to 30 times. Cardenas-Padilla tried to enlist his former in-law to convince his former spouse to reconciliate and speak with him.

PROCEDURE

On February 25, 2013, the State of Washington charged Alberto Cardenas-Padilla with three counts of violating a no-contact order under RCW 26.50.110(5). The jury found Alberto Cardenas-Padilla guilty on counts two and three for the February 4 and 5 texts, but not guilty on count one for the December 27 letter.

At sentencing, defense counsel commented: "My client was employed. I did receive a letter from his employer saying that he would be welcome back if he was out of custody." Report of Proceedings (RP) at 331. Cardenas-Padilla said, "I have got my [commercial driver's license] and also close to getting my [general education development] diploma. All I have to pass is my math test." RP at 338. The trial court did not otherwise inquire into Cardenas-Padilla's financial resources or his ability to pay.

On September 4, 2013, the trial court sentenced Cardenas-Padilla to confinement for 14 months, with a credit for 221 days already served. The trial court imposed legal financial obligations (LFOs) of: $500 victim assessment fee under RCW 7.68.035; $100 deoxyribonucleic acid (DNA) collection fee under RCW 43.43.754(1); and $200 in court costs. Alberto Cardenas-Padilla's felony judgment and sentence contains the following stock language:

> **2.5 Legal Financial Obligations/Restitution.** The court has considered the total amount owing, the defendant's present and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change. (RCW 10.01.160).

2

Clerks Papers (CP) at 164. The trial court ordered Cardenas-Padilla to make monthly payments of at least $25 per month commencing September 5, 2014.

## LAW AND ANALYSIS

Whenever a person is convicted in superior court, the court may order the payment of LFOs as part of the sentence. RCW 9.94A.760(1). The financial obligations may include certain costs, including expenses incurred by the State in prosecuting the defendant. RCW 10.01.160(1), (2). Alberto Cardenas-Padilla's trial court imposed a total of $800 in LFOs. The $500 victim assessment fee was mandated by RCW 7.68.035, and the $100 DNA collection fee was mandated by RCW 43.43.754(1). Neither fee was subject to the defendant's ability to pay.

The remaining $200 in court costs was discretionarily imposed by the court on Cardenas-Padilla. *State v. Kuster*, 175 Wn. App. 420, 425, 306 P.3d 1022 (2013). By statute, the court is not authorized to order a defendant to pay these costs unless he or she is or will be able to pay them. RCW 10.01.160(3). In determining the amount and method of payment of costs, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose. RCW 10.01.160(3); *Kuster*, 175 Wn. App. at 424.

Alberto Cardenas-Padilla contends the trial court erred when it: (1) imposed $200 in discretionary LFOs without considering his present or future ability to pay, and (2)

3

ordered him to begin paying the obligations on September 5, 2014. The trial court's judgment and sentence stated the court considered the total amount owing, the defendant's present, and future ability to pay LFOs, including the defendant's financial resources, and the likelihood that the defendant's status will change. Nevertheless, the trial court did not expressly find that Cardenas-Padilla possessed the present or future ability to pay LFOs. Still the trial court need not make a formal finding that the defendant has or will have the ability to pay. *State v. Baldwin*, 63 Wn. App. 303, 312, 818 P.2d 1116, 837 P.2d 646 (1991).

Alberto Cardenas-Padilla did not object to the imposition of LFOs at sentencing. Under RAP 2.5(a), this court need not address this issue for the first time on appeal. Until our Supreme Court decides otherwise, the rule established by each division of this court is that a defendant may not challenge a determination regarding his or her ability to pay LFOs for the first time on appeal. *State v. Duncan*, 180 Wn. App. 245, 252, 327 P.3d 699 (2014) (citing RAP 2.5(a) and *Kuster*, 175 Wn. App. at 425); *State v. Calvin*, 176 Wn. App. 1, 316 P.3d 496, 507-08, *petition for review filed*, No. 89518–0 (Wash. Nov. 12, 2013); *State v. Blazina*, 174 Wn. App. 906, 911, 301 P.3d 492, *review granted*, 178 Wn.2d 1010, 311 P.3d 27 (2013). Cardenas-Padilla recognizes this court's ruling in *Duncan*. He asks this court to exercise its discretion under RAP 2.5 to address the imposition of $200 in discretionary costs, and, alternatively, he desires to preserve the issue should our Supreme Court reverse *Duncan* through *State v. Blazina*, 178 Wn.2d

4

No. 31964-4-III
*State v. Cardenas-Padilla*

1010 (2013).

We agree to exercise our discretion to address the propriety of the $200 assessment, since the trial court record is sufficiently developed to do so. Alberto Cardenas-Padilla possesses a commercial driver's license and his defense counsel indicated that his employer would rehire him once out of custody. This evidence supports a conclusion that Cardenas-Padilla will have the future ability to pay his LFOs. With credit for time served, he would be released in April 2014, five months before any obligation to pay. If, ultimately, Cardenas-Padilla is unable to pay the $25 per month, he may petition the court for remission under RCW 10.01.160(4).

## STATEMENT OF ADDITIONAL GROUNDS

In his statement of additional grounds, Alberto Cardenas-Padilla raises two additional arguments. First, Cardenas-Padilla contends the jury misunderstood its instructions from the court or those instructions were erroneous. Cardenas-Padilla emphasizes that the jury's verdicts of guilty are inconsistent since it convicted him on counts two and three, but not count one. As noted in *State v. Goins*, 151 Wn.2d 728, 733, 92 P.3d 181 (2004), juries return inconsistent verdicts for various reasons, including mistake, compromise, and lenity. Regardless, courts refrain from second-guessing the jury where lenity provides a plausible explanation for the inconsistency. *Goins*, 151 Wn.2d at 735. Lenity is a likely explanation in this case.

Second, Alberto Cardenas-Padilla contends the prosecutor read some of the texts

at issue inaccurately and with an inaccurate tone, misconstruing the texts' meaning when cross-examining him. Cardenas-Padilla objected at trial to the reading. The trial court responded that Cardenas-Padilla could discuss any misreading during his redirect examination. On redirect, Cardenas-Padilla testified: "Yes. Like you said, I want to see my children. What I am telling my mother-in-law there is, [t]alk to your child, like mother and child conversation, so I can see my children. It is not because I want to contact [my ex-wife]." RP at 239. Thus, both sides were able to present testimony concerning the purpose and meaning of the texts. In the end, the jury needed to determine the meaning and purpose. Cardenas-Padilla's contention therefore lacks merit.

## CONCLUSION

We reject Alberto Cardenas-Padilla's arguments in his statement of additional grounds. We affirm his two convictions and the trial court's imposition of LFOs.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Brown, A.C.J.

_____
Korsmo, J.

6