IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34231-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DENNY ALBERT DARE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Denny Dare appeals his conviction for residential burglary, arguing that no substantial evidence supports the required element that he entered the residence with intent to commit a crime—as evidenced, he contends, by the fact that the jury acquitted him on the two other counts (felony harassment and fourth degree assault) charged by the State. Because his acquittal on the other charges does not have the significance he attaches and there was sufficient evidence of intent, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Denise Johnson borrowed $90 from Denny Dare and promised to pay him back the following day. On that day, Ms. Johnson was sitting in her apartment when Mr. Dare arrived "screaming and hollering," pushed open a screen door, and entered the apartment. Report of Proceedings (RP) at 96. Ms. Johnson asked Mr. Dare to calm down but he continued shouting, demanding his money. He threatened to kill Ms. Johnson and her cat more than once, including in the presence of a neighbor, Joseph Collom, who came to Ms. Johnson's apartment out of concern when he heard the commotion. As Ms. Johnson attempted to explain that he needed to wait until her mail arrived, Mr. Dare went "ballistic," threw a basket of laundry, and according to Ms. Johnson, pushed her against the wall, causing her to fall to the ground. RP at 97. He ignored repeated demands that he leave, eventually complying only after police were called.

Mr. Dare was charged with one count of residential burglary, one count of felony harassment (threats to kill), and one count of assault in the fourth degree. At trial, Ms. Johnson, Mr. Collom, and a responding officer testified. In addition to the matters set forth above, Ms. Johnson testified that she took Mr. Dare's threats seriously and believed he could and would follow through.

Mr. Dare testified in his own defense. He admitted he became upset when he went to Ms. Johnson's apartment to obtain the repayment she had promised, because she did not even have the $20 she knew he needed that day. He claimed he had knocked and

been invited into her apartment and denied pushing her at any point or threatening her on leaving the apartment, but admitted that at one point he said he "ought to" strangle her and her cat. RP at 124. He also admitted to throwing clothes, but claims he only threw a pile of clothes from the floor into Ms. Johnson's room, asking, "[H]ave you ever heard of a hamper?" *Id.*

The jury found Mr. Dare guilty of residential burglary, but acquitted him of the charges of felony harassment and fourth degree assault. Mr. Dare appeals.

## ANALYSIS

Mr. Dare challenges the sufficiency of the evidence to support one of the required elements of residential burglary. As the court instructed the jury, to prove the charge of residential burglary, the State was required to prove three elements beyond a reasonable doubt:

(1) That on or about 13th day of September, 2014, the defendant entered or remained unlawfully in a dwelling;
(2) That the entering or remaining was with intent to commit a crime against a person or property therein; and
(3) That this act occurred in the Okanogan County, State of Washington.

Clerk's Papers at 42 (Instruction 7). Mr. Dare contends the State's evidence was insufficient on the element of his intent to commit a crime against a person or property in Ms. Johnson's apartment. The State argued to the jury that Mr. Dare went to Ms. Johnson's apartment with the intent not only to obtain repayment, but also "to threaten

3

her if she didn't pay him. . . . He went over there to put the fear of God in her for not paying him back like he thought they had agreed." RP at 143-44.

Due process requires the State to prove all elements of the crime beyond a reasonable doubt. *State v. Washington*, 135 Wn. App. 42, 48, 143 P.3d 606 (2006). Where the sufficiency of evidence is challenged, we review "whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "[A]ll reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant." *Id.* We do not reweigh the evidence or substitute our judgment for that of the trier of fact. *Quinn v. Cherry Lane Auto Plaza, Inc.*, 153 Wn. App. 710, 724, 225 P.3d 266 (2009).

The State correctly argues on appeal that once unlawful entry into a building has been proven, RCW 9A.52.040 authorizes an inference that the accused acted with intent to commit a crime against a person or property therein "unless such entering or remaining shall be explained by evidence satisfactory to the trier of fact to have been made without such criminal intent." As pointed out in *State v. Cordero*, 170 Wn. App. 351, 367-69, 284 P.3d 773 (2012), however, as a matter of due process, the statute cannot relieve the State of the burden of proving each element—so the inference must flow on a more probable than not basis from what the State proves. No direct evidence of intent is required; it may be inferred if the facts and circumstances plainly indicate such an intent

4

as a matter of logical probability. *Id.* Finally, the State is not required to prove the intent to commit a specific crime. *State v. Bergeron*, 105 Wn.2d 1, 16-17, 711 P.2d 1000 (1985). Here, jurors could infer from evidence that Mr. Dare did threaten and intimidate Ms. Johnson while in her apartment and that he probably went to her apartment with the intent to do just that.

Mr. Dare argues that because jurors acquitted him of felony harassment and fourth degree assault, however, they must have found insufficient evidence of an intent to commit either crime. We note that even in the context of inconsistent verdicts (and this verdict is not inconsistent), inconsistency does not mean that the finding of guilt and resulting conviction cannot stand, because "[j]uries return inconsistent verdicts for various reasons, including mistake, compromise, and lenity." *State v. Groins*, 151 Wn.2d 728, 733, 92 P.3d 181 (2004) (citing *Dunn v. United States*, 284 U.S. 390, 393-94, 52 S. Ct. 189, 76 L. Ed. 356 (1932)).

This verdict is not inconsistent, because jurors could well have found that while Mr. Dare went to the apartment with the intent to commit harassment, assault, or some similar crime, his conduct at the apartment did not complete either of the two charged crimes. In fact, the relevant insight one can draw from the jurors' acquittals on two counts is that they were comfortable denying the State a guilty verdict when the evidence was insufficient, but found the evidence sufficient to prove the elements of the residential burglary charge.

No. 34231-0-III
*State v. Dare*

We agree that the evidence was sufficient and affirm.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_Siddoway, J._
Siddoway, J.

WE CONCUR:

_Fearing, J._
Fearing, C.J.

_Lawrence-Berrey, J._
Lawrence-Berrey, J.

6